UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYAN CLARKE, as Husband and Administrator of the Estate of Tracie Clarke<br><br>Plaintiff,<br><br>v.<br><br>DPWN HOLDINGS (USA), INC.,<br><br>Defendant. | Case No. 20 C 05130<br><br>Judge Martha M. Pacold |

## MEMORANDUM OPINION AND ORDER

Tracie Clarke applied for life insurance benefits under the insurance policy of her employer DPWN Holdings (USA), Inc. ("DHL"). The operative complaint (the amended complaint) alleges that DHL informed Tracie that DHL had to administratively terminate her employment in order for the insurer (Hartford) to act, and that Tracie acquiesced in the termination based on DHL's representation, ultimately resulting in DHL ending Tracie's employment. The insurer, however, denied Tracie's claim for benefits due to her termination from DHL. Tracie later passed away. Tracie's husband Bryan Clarke, acting as administrator of her estate (the "Estate"), filed this lawsuit against DHL. Earlier in this litigation, the court granted DHL's motion to dismiss the Estate's initial complaint that alleged claims for wrongful termination, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, fraud, and unjust enrichment. [38].[1] The Estate filed an amended complaint alleging a single claim for negligent misrepresentation. [42]. DHL has again moved to dismiss. [43]. For the reasons that follow, DHL's motion to dismiss is granted and the Estate's amended complaint is dismissed with prejudice.

## BACKGROUND

The following facts are taken from the amended complaint. "DHL is part of a world-wide delivery service industry," and Tracie was employed by DHL until August 15, 2017. [42] ¶¶ 5–6. Tracie received employment benefits and was a beneficiary of DHL's individual employee life insurance policy (the "Policy"). *Id.* ¶ 9. The insurer was Hartford. [42-1] at 7. In 2016, Tracie applied for the Policy's

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

"Premium Waiver" and "Accelerated Death Benefit." [42] ¶ 10. "Tracie timely completed and submitted the necessary Benefit application forms as directed and prescribed by [DHL's] human resources benefits centers." *Id.*

Tracie had problems with DHL's benefits department submitting the necessary forms to the insurer in order for her to obtain the benefits she had applied for. *Id.* ¶¶ 11–12. On at least four different occasions DHL either failed to submit or lost the forms that needed to be sent to the insurer for Tracie to receive her benefits. *Id.* ¶ 12. The Estate alleges that:

> As a direct result of [DHL] losing the Forms and/or failure to account for the Forms, [DHL's] negligent or reckless conduct in failing to obtain or negligently or carelessly misunderstanding the correct information and/or procedures for obtaining the Benefits, [DHL] negligently or recklessly advised and induced Tracie to terminate her employment with [DHL] and [DHL] negligently represented to [Tracie] that the termination of her employment would result in her obtaining the Benefits.

*Id.* ¶ 15. Relying upon DHL's representation, "Tracie thereafter terminated or acquiesced in the termination of her employment with [DHL]." *Id.* ¶¶ 16–17. The insurer subsequently denied Tracie's request for benefits because she had been terminated by DHL. *Id.* ¶ 19.

The Estate now alleges that DHL's conduct amounts to negligent misrepresentation. The Estate asserts that, while Tracie was still employed, DHL and its employees "were each responsible for and undertook duties of working with and advising DHL's employees on matters pertaining to insurance policies, plans, benefits, objectives, compensation, and [DHL] provided guidance and advice to [DHL's] employees, including Tracie, concerning DHL's employee's benefits, compensation, and human resource policies and procedures." *Id.* ¶ 13.

DHL moved to dismiss with prejudice, arguing that the amended complaint fails to state a claim under Illinois law and is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

## LEGAL STANDARD

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all factual allegations in the complaint and draw[s] all permissible inferences in plaintiff['s] favor." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). "To survive a motion to dismiss, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 365–66 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Id.* at 366 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Federal pleading standards do "not require detailed factual allegations, but [they] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[N]aked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* (second alteration in original, internal quotation marks omitted).

## DISCUSSION

DHL argues that the Estate's negligent misrepresentation claim should be dismissed because the Estate has not alleged that DHL owed a duty to Tracie and the claim is preempted by ERISA. Under Illinois law, to state a claim for negligent misrepresentation, a plaintiff must allege, among other elements, "a duty on the party making the statement to communicate accurate information." *Parker v. Chi. Transit Auth.*, No. 18 C 2806, 2019 WL 13078783, at *1 (N.D. Ill. Sept. 11, 2019) (quoting *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 334–35 (2006)). "Illinois recognizes a duty to communicate accurate information in only two circumstances: (1) where 'negligently conveying false information results in physical injury to a person or harm to property,' and (2) 'where one is in the business of supplying information for the guidance of others in their business transactions.'" *Id.* (footnote omitted) (quoting *Brogan v. Mitchell Int'l, Inc.*, 181 Ill. 2d 178, 183–84 (1998)). "[F]ederal courts in this district uniformly hold that 'Illinois has not expanded the duty requirement in a negligent misrepresentation claim to include the employment context.'" *Id.* (quoting *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 783 (N.D. Ill. 2018)).

Here, the amended complaint contains no factual allegations that would give rise to a duty for DHL to communicate accurate information to Tracie. The Estate relies solely upon the allegations that DHL had a duty as Tracie's employer, [42] ¶¶ 13–14, but the Estate cites no case where a court has held that an employer owes a duty to provide accurate information to its employees. And, as already mentioned, federal courts have repeatedly held that employers owe no such duty under Illinois law. *See, e.g.*, *Martin v. Cent. State Constr. Inc.*, No. 20-CV-00276, 2021 WL 3722807, at *9 (S.D. Ill. Aug. 23, 2021) ("Martin attempts to argue the Central State was in the business of providing information/guidance to its employee, Martin, and thus can maintain a negligent misrepresentation claim. But Martin offers no legal authority to support the position that a heating and cooling company can be in the business of providing information to its *own* employees."); *Jones v. W.S. Darley & Co.*, No. 14-cv-8873, 2015 WL 4100295, *4 (N.D. Ill. July 7, 2015) ("Illinois has not expanded the duty requirement in a negligent misrepresentation claim to include the employment context."); *Dargo v. Clear Channel Commc'ns, Inc.*, No. 07 C 5026, 2008 WL 2225812, at *4 (N.D. Ill. May 28, 2008) ("Dargo cannot allege any facts that establish that Clear Channel, as her employer, owed her a duty to convey accurate information.").

3

The Estate argues that federal courts have misread the Illinois Supreme Court's decision in *Brogan v. Michell International, Inc.*, but *Brogan* expressly states that "this court has recognized a duty to communicate accurate information in *only* two circumstances": where "negligently conveying false information . . . results in physical injury to a person or harm to property" and "where one is in the business of supplying information for the guidance of others in their business transactions." 181 Ill. 2d at 184 (emphasis added). The amended complaint does not allege either such circumstance exists here. *Brogan* also observed that, although "[o]ther states have recognized a duty to avoid negligent misrepresentations in the employment context," there was "no argument [before the court] for *expanding* negligent misrepresentation liability beyond its present scope." *Id.* at 185–86 (emphasis added). This court is bound by the Illinois Supreme Court's interpretation of Illinois law and cannot expand negligent misrepresentation claims beyond their current bounds.[2] *See In re Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017) ("When applying state law, federal courts are bound by the decisions of the state's highest court."). Although the circumstances alleged are unfortunate, the amended complaint does not state a claim as a matter of law.

In short, the Estate does not adequately allege that DHL owed a duty to Tracie and the amended complaint does not state a claim for negligent misrepresentation. The court does not address whether the claim is also preempted under ERISA.

The Estate's amended complaint is dismissed with prejudice. The Estate has already been afforded one opportunity to amend its complaint, and the court discerns no basis on which the Estate could correct the deficiencies in its negligent misrepresentation claim. Further, DHL's motion to dismiss expressly sought dismissal with prejudice and the Estate presented no reason why, if the motion was granted, the dismissal should be without prejudice. Dismissal with prejudice is therefore appropriate. *See, e.g., Raquet*, 348 F. Supp. 3d at 784 (dismissing negligent misrepresentation claim against employer with prejudice).

## CONCLUSION

The motion to dismiss is granted, and the amended complaint is dismissed with prejudice.

Dated: July 22, 2022 /s/ Martha M. Pacold

---

[2] The Estate does not argue in its opposition that, if this issue were to come before the Illinois Supreme Court, the Court would now decide to expand the duty to convey accurate information into the employment context.